# THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF KANSAS

| | |
|---|---|
| **AMANDA AND MICHEAL CURPHEY** ) <br> Individually and as representatives ) <br> Pursuant to K.S.A. § 60-1901 et. Seq., and/or ) <br> Nebraska Revised Statutes § 30-810 et. Seq. and/or ) <br> Iowa Code § 633.336 ) <br> ) <br> ) <br> -and- ) <br> ) <br> **AMANDA CURPHEY** ) <br> Administrator of the Estate of C.C. ) <br> Pursuant to K.S.A. 60-1801 et. Seq. and/or ) <br> Iowa Code § 611.20 et. Seq. and/or ) <br> Nebraska Revised Statutes § 25-1401 et. Seq ) <br> ) <br>         Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> **MIDWEST DISTRICT OF THE** ) <br> **MISSIONARY CHURCH** ) <br> **D.B.A. GREAT PLAINS REGION** ) <br> **OF THE MISSIONARY CHURCH** ) <br> **SERVE:**   Registered Agent ) <br>        Meagan Federspiel ) <br>        3811 Vanguard, Dr., ) <br>        Fort Wayne, Indiana 46809 ) <br> ) <br> and ) <br> ) <br> **MIDWEST DISTRICT, MISSIONARY CHURCH** ) <br> **SERVE:**   Registered Agent ) <br>        Andrew J. Petro ) <br>        6920 Willow Ave., ) <br>        Lincoln, Nebraska 68507 ) <br> ) <br> ) <br> ) <br> and ) <br> ) <br> **MIDWEST DISTRICT, MISSIONARY CHURCH** ) <br> **SERVE**:   Registered Agent ) <br>        Dan Quinlin ) | Case No.: |

|  |  |  |
|---|---|---|
| 1300 Berry Ave.<br>Newton, Kansas 67114 | ) |  |
|  | ) |  |
|  | ) |  |
| and | ) |  |
|  | ) |  |
| **NAT FROST PATTEN** | ) |  |
| **SERVE**:    710 8th Street | ) |  |
|          Milford, Nebraska 68405 | ) |  |
|  | ) |  |
| and | ) |  |
|  | ) |  |
| **MEGAN SEIBEL** | ) |  |
| **SERVE**:    709 S. D. St. | ) |  |
|          Milford, Nebraska 68405 | ) |  |
|  | ) |  |
|          Defendants. | ) |  |

## PETITION FOR DAMAGES

COMES NOW Plaintiffs Amanda and Michael Curphey, individually and as representatives of the class of persons entitled to bring this action pursuant to K.S.A. 60-1901 et. seq., and on behalf of the Estate of C.C. (a deceased minor) pursuant to K.S.A. 60-1801 et. seq. as administrator of the estate of C.C. and for their Complaint for Damages against Defendants: Midwest District of the Missionary Church d/b/a the Great Plains Region of the Missionary Church; Midwest District, Missionary Church; Midwest District, Missionary Church; Nat Frost Patten; and Megan Seibel, and set forth, state, and aver as follows:

1.      That Plaintiffs Amanda and Michael Curphey are the biological parents of C.C. (DOB: 2016) and are therefore proper representatives of the class of persons entitled to bring these claims.

2.      That additionally, Plaintiff Amanda Curphey is the Administrator of the Estate of C.C. (DOB: 2016) (Probate No. ESPR012776 in Taylor County of The Iowa District Court) and is therefore the proper representative to bring this survival action on behalf of the Estate. Plaintiffs live at 804 Madison Street Bedford, Iowa 50833.

2

3.	That Defendant Midwest District of the Missionary Church, d.b.a. the Great Plains Region of the Missionary Church, is a subsidiary of Defendant Missionary Church, Inc., with its principal place of business listed as 6920 Willow Ave., Lincoln, Nebraska 68507, and can be served via its registered agent, Meagan Federspiel, at the address listed in the case caption and to Andrew J. Petro at the address of 6920 Willow Ave., Lincoln, Nebraska 68507.

4.	That Defendant Midwest District of the Missionary Church, d.b.a. the Great Plains Region of the Missionary Church operates and/or owns the Timber Lakes Camp, a.k.a. Timber Lakes Camp & Retreat Center in Williamsburg, Kansas, and as such has sufficient minimum contacts with the State of Kansas so that the exercise of jurisdiction over this Defendant does not offend traditional notions of fair play and substantial justice.

5.	That Defendant Midwest District of the Missionary Church, d.b.a. the Great Plains Region of the Missionary Church is the owner/operator of Timber Lakes Camp & Retreat Center located at 1377 Rock Creek Rd., Williamsburg, KS 66095 and 1375 Rock Creek Rd., Williamsburg, KS 66095, the property where the incident described in this Complaint took place.

6.	That Defendant Midwest District, Missionary Church, is a Nebraska non-profit corporation with its principal place of business at 6920 Willow Ave., Lincoln Nebraska 68507. This Defendant can be served via its registered agent, Andrew J. Petro, at the address listed in the case caption.

7.	That Defendant Midwest District, Missionary Church is a non-profit corporation organized under the laws of Nebraska with its principal place of business at 6920 Willow Ave., Lincoln Nebraska 68507, and maintains an active and good standing status in the State of Kansas. This Defendant can be served via its registered agent, Dan Quinlin, at the address listed in the case caption.

8.    Nat Frost Patten is an individual residing at 710 8th Street Milford, Nebraska 68405. This Defendant was acting as the lifeguard of the pool in which C.C. drowned on June 25, 2025, and committed tortious acts of negligence in the State of Kansas, such that the exercise of personal jurisdiction is proper pursuant to K.S.A. 60-308(b).

9.    Megan Seibel is an individual residing at 709 S. D. St. Milford, Nebraska 68405. This Defendant was acting as the lifeguard of the pool in which C.C. drowned on June 25, 2025, and committed tortious acts of negligence in the State of Kansas, such that the exercise of personal jurisdiction is proper pursuant to K.S.A. 60-308(b).

<b><u>VENUE AND JURISDICTION</u></b>

10.    Pursuant to 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction of all civil actions in which—as here—the matter in controversy exceeds a value of $75,000, exclusive of interest and costs, and—as here—when the lawsuit exists between citizens of different states.

11.    That there is complete diversity between Plaintiffs and the Defendants.

12.    This Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy, exclusive of interests and costs, is in excess of $75,000.00.

13.    Pursuant to 28 U.S.C. § 1391(b)(2), a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated.

14.    That Defendants committed tortious acts of negligence in the State of Kansas, such that the exercise of personal jurisdiction is proper pursuant to K.S.A. 60-308(b)

15.    That the events giving rise to these claims occurred in Frankin County, Kansas, and therefore, venue is proper in this Court.

**ALLEGATIONS COMMON TO ALL COUNTS**

16.    On June 25, 2025, C.C., was a minor whose care and safety was entrusted with Defendants at the Timber Lakes Camp & Retreat Center.

17.    On or about that same date, C.C. was swimming in the pool located at the Timber Lakes Camp and Retreat Center while Defendants were voluntarily, or for compensation purportedly undertaking the roles of lifeguards.

18.    On or about that same date, C.C. went under the water of the pool, near the deep-end, and was not discovered by Defendants until after he had drowned.

19.    C.C. was life-flighted to Children's Mercy Hospital in Kansas City, Missouri, and was pronounced dead on June 28, 2025.

**COUNT I**
**(DIRECT NEGLIGENCE**
**LIABILITY OF DEFENDANTS)**

20.    Plaintiffs incorporate paragraphs 1 through 19 as if fully set forth herein.

21.    That at the time of the above-referenced incident, Defendants owned, operated, and/or managed Timber Lakes Camp & Retreat Center, located in Williamsburg, Kansas, and had a duty to exercise reasonable care over the safety of the camp attendees, including decedent.

22.    Defendants breached their duty and allowed decedent to drown.

23.    That at the time of the above-referenced drowning of C.C., the Defendants, were negligent and failed to exercise reasonable care including, but not limited to the following ways:

        a.    Failing to properly train lifeguards;

        b.    Failing to intervene in C.C.'s drowning;

        c.    Failing to scan for drowning victims or see C.C.;

        d.    Failing to monitor the pool appropriately;

5

e.  Failing to initiate immediate CPR and other life savings interventions;

f.  Failed to properly monitor and supervise lifeguards;

g.  Failed to exercise appropriate levels of care in the monitoring of the pool area for swimmers in distress or individuals who were in the process of drowning;

h.  Failing to properly train its employees in water rescue, CPR and Advanced Cardiac Life Support;

i.  Failing to properly provide, and maintain lifesaving equipment; and

j.  Failing to have an aquatic safety/supervision plan and failing to implement the same.

24.  That as a direct and proximate result of the aforementioned negligence of Defendants, decedent C.C. suffered significant and eventually fatal injuries.

25.  That as a direct and proximate result of the negligence set forth herein Plaintiffs' decedent C.C. was caused to endure severe pain, suffering, emotional trauma, distress, pre-fatal injury, fear, apprehension of impending death, both during and after the drowning process.

26.  That as a direct and proximate result of the aforementioned negligence of Defendants, Plaintiffs have been caused to incur pecuniary losses by reason of the death of their son, funeral expenses, and the reasonable value his services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support.

27.  That the actions of Defendants as set forth above, exhibited reckless disregard for the rights and safety of others and was otherwise willful and wanton in nature.

WHEREFORE, Plaintiffs pray for judgment against Defendants in an amount that is fair reasonable, and in excess of $75,000.00 to compensate for the significant and substantial damages arising out of the above-described incident, together with damages for the aggravating circumstances attendant to decedent's death, exemplary damages to deter and punish Defendants

6

and others, from like conduct, and for all other further relief the Court deems just and proper, together with the costs of this action.

## COUNT II
## (RESPONDEAT SUPERIOR LIABILITY OF DEFENDANTS)

28. Plaintiffs incorporate paragraphs 1 through 27 as if fully set forth herein.

29. That at the time of the above-referenced incident, Defendants owned, operated, and/or managed Timber Lakes Camp & Retreat Center, located in Williamsburg, Kansas, and had a duty to exercise reasonable care over the safety of the camp attendees, including decedent.

30. Defendants breached their duty and allowed decedent to drown.

31. That at the time of the above-referenced drowning of C.C., the Defendants, were negligent and failed to exercise reasonable care including, but not limited to the following ways:

    a. Failing to properly train lifeguards;

    b. Failing to intervene in C.C.'s drowning;

    c. Failing to scan for drowning victims or see C.C.;

    d. Failing to monitor the pool appropriately;

    e. Failing to initiate immediate CPR and other life savings interventions;

    f. Failed to properly monitor and supervise lifeguards;

    g. Failed to exercise appropriate levels of care in the monitoring of the pool area for swimmers in distress or individuals who were in the process of drowning;

    h. Failing to properly train its employees in water rescue, CPR and Advanced Cardiac Life Support;

    i. Failing to have an aquatic safety/supervision plan, and failing to implement the same; and

    j. Failing to properly provide and maintain lifesaving equipment.

32.     That as a direct and proximate result of the aforementioned negligence of Defendants, decedent C.C. suffered significant and eventually fatal injuries.

33.     That as a direct and proximate result of the negligence set forth herein Plaintiffs' decedent C.C. was caused to endure severe pain, suffering, emotional trauma, distress, pre-fatal injury, fear, apprehension of impending death, both during and after the drowning process.

34.     That as a direct and proximate result of the aforementioned negligence of Defendants, Plaintiffs have been caused to incur pecuniary losses by reason of the death of their son, funeral expenses, and the reasonable value his services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support.

35.     That the actions of Defendants as set forth above, exhibited reckless disregard for the rights and safety of others and was otherwise willful and wanton in nature.

WHEREFORE, Plaintiffs pray for judgment against Defendants in an amount that is fair reasonable, and in excess of $75,000.00 to compensate for the significant and substantial damages arising out of the above-described incident, together with damages for the aggravating circumstances attendant to decedent's death, exemplary damages to deter and punish Defendants and others, from like conduct, and for all other further relief the Court deems just and proper, together with the costs of this action.

## COUNT III
### *(NEGLIGENCE SUPERVISION/TRAINING)*

36.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 35, including subparts, as if fully stated herein.

37.     That Defendants had a duty to exercise reasonable care in the institution of adequate safeguards to ensure its employees and/or lifeguards possessed skills necessary to monitor the pool in a safe and proper manner.

8

38.     That Defendants failed to institute adequate safeguards to ensure its employees and/or lifeguards possessed skills to monitor the pool in a safe and proper manner, including but not limited failing to properly instruct, direct, monitor, audit the operation and actions of such lifeguards.

39.     That Defendants failed to properly and adequately train, supervise and instruct its employees hired as lifeguards in proper life savings techniques and pool monitoring techniques.

40.     That as a direct and proximate result of such failures and negligence on the part of Defendants, Plaintiffs' decedent C.C. was caused to suffer injury, resulting in death, and Plaintiffs have been caused to experience pecuniary losses by reason of the death of their son, funeral expenses,  and the reasonable value of his services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support.

41.     That as a direct and proximate result of the negligence set forth herein Plaintiffs' decedent C.C. was caused to endure severe pain, suffering, emotional trauma, distress, pre-fatal injury, fear, apprehension of impending death, both during and after the drowning process.

42.     That the actions set forth herein, given the critical safety functions such actions degrade, and the highly dangerous environment of pool operations, constituted reckless disregard for the safety of C.C. and other guests.

43.     That as a direct and proximate result of such failure on the part of Defendants, decedent C.C. suffered physical injury, pain and suffering prior to his death.

WHEREFORE, Plaintiffs pray for judgment against Defendants in an amount that is fair reasonable, and in excess of $75,000.00 to compensate for the significant and substantial damages arising out of the above-described incident, together with damages for the aggravating circumstances attendant to decedent's death, exemplary damages to deter and punish Defendants and others, from

like conduct, and for all other further relief the Court deems just and proper, together with the costs of this action.

<b><u>COUNT IV</u></b><br><b><i><u>(NEGLIGENT HIRING)</u></i></b>

44.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 43, including subparts, above as if fully stated herein.

45.    That Defendants hired and then retained various employees into lifeguard positions for which they were not properly trained, supervised, experienced or qualified to hold.

46.    That Defendants were under the duty to exercise reasonable care to control its lifeguarding, lifesaving, and pool employees so as to not create an unreasonable risk of bodily harm to the invitees. Defendants knew, or had reason to know, that it had the ability to control such employees, and knew or should have known of the necessity and opportunity for exercising such control.

47.    That Defendants knew or should, with the exercise of reasonable care, have known that the actions of various its lifeguards would create an unreasonable risk of harm to invitees to the pool. That by failing to control, monitor, audit, supervise and train such employees, Defendants showed reckless indifference to the safety of visitors, including but not limited to C.C.

48.    That the actions set forth herein, given the critical safety functions such actions degrade, and the highly dangerous environment inherent in pool operations constituted reckless disregard for the safety of C.C. and other guests.

49.    That as a direct result of the above-referenced negligence, Plaintiffs' decedent C.C. sustained personal injury to his body resulting in death and Plaintiffs has been caused to experience pecuniary losses by reason of the death of their son, funeral expenses, and the reasonable value of

10

his services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support.

50.    That as a direct and proximate result of the negligence set forth herein Plaintiffs' decedent C.C. was caused to endure severe pain, suffering, emotional trauma, distress, pre-fatal injury, fear, apprehension of impending death, both during and after the drowning process.

51.    That the actions of Defendants in allowing employees to be placed in positions of lifeguards without proper training, supervision and monitoring, constituted reckless indifference, and conscious, willful and wanton disregard, to the rights and physical wellbeing of decedent C.C. and Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment against Defendants in an amount that is fair reasonable, and in excess of $75,000.00 to compensate for the significant and substantial damages arising out of the above-described incident, together with damages for the aggravating circumstances attendant to decedent's death, exemplary damages to deter and punish Defendants and others, from like conduct, and for all other further relief the Court deems just and proper, together with the costs of this action.

## COUNT V
### (PREMISE LIABILITY)

52.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 51, including subparts, above as if fully stated herein.

53.    Defendants had a duty to keep the premises reasonably safe.

54.    That Defendants' pool was defective and unreasonably dangerous in that:

    a.    Was operated at such a water depth in the deep end of the pool (8 feet), that inherent clarity and vision problems of pools were exacerbated and visual fields into the water column degraded as more swimmers entered;

    b.    Failed to utilize lifeguard stands;

11

c. Placed lifeguard chairs at locations to create blind spots on the pool edges, outside the field of vision and scanning sectors of lifeguards;

d. Allowed flotation devices in the pool, which created impediments to proper scanning and examination of the pool and its bottom;

e. Failed to employ cameras, motions sensors and monitoring devices in a proper and safe manner to provide redundancy to lifeguards;

f. Failed to provide and maintain lifesaving equipment including but not limited to AEDs;

g. Failed to operate the pool with proper safety redundancies; and

h. Failed to ensure the cognitive abilities of the lifeguards were not degraded and attention diverted through proper monitoring, supervision and training.

55. That as a direct and proximate result of the negligence set forth herein Plaintiffs' decedent C.C. was caused to endure severe pain, suffering, emotional trauma, distress, pre-fatal injury, fear, apprehension of impending death, both during and after the drowning process.

56. That as a direct and proximate result of such failures and negligence on the part of Defendants, Plaintiffs' decedent C.C. was caused to suffer injury, resulting in death, funeral expenses, and Plaintiffs have been caused to experience pecuniary losses by reason of the death of their son, and the reasonable value of his services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support.

WHEREFORE, Plaintiffs pray for judgment against Defendants in an amount that is fair reasonable, and in excess of $75,000.00 to compensate for the significant and substantial damages arising out of the above-described incident, together with damages for the aggravating circumstances attendant to decedent's death, exemplary damages to deter and punish Defendants and others, from like conduct, and for all other further relief the Court deems just and proper, together with the costs of this action.

## COUNT VI- SURVIVAL ACTION PURSUANT TO
## K.S.A. § 60-1801 et. Seq., and/or Iowa Code § 611.20 et. Seq. and/or
## Nebraska Revised Statutes § 25-1401 et. Seq

57.     Plaintiff Amanda Curphey is the administrator of the Estate of C.C. and incorporates by reference all the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58.     That at the time of the above-referenced incident, Defendants owned, operated, or managed Timber Lakes Camp & Retreat Center, located in Williamsburg, Kansas.

59.     That at the time of the above-referenced drowning of C.C., the Defendants, and directly and through the actions of their agents, servants and employees, were negligent and failed to exercise reasonable care in the following manner:

a. Failing to properly train lifeguards;

b. Failing to intervene in C.C.'s drowning;

c. Failing to scan for drowning victims or see C.C.;

d. Failing to monitor the pool appropriately;

e. Failing to initiate immediate CPR and other life savings interventions;

f. Failed to properly monitor and supervise lifeguards;

g. Failed to exercise appropriate levels of care in the monitoring of the pool area for swimmers in distress or individuals who were in the process of drowning;

h. Failing to properly train its employees in water rescue, CPR and Advanced Cardiac Life Support;

i. Failed to provide and maintain lifesaving equipment including but not limited to AEDs; and

j. Failing to have an aquatic safety/supervision plan and failing to implement the same.

60.     That as a direct and proximate result of the aforementioned negligence of Defendants, decedent C.C. suffered significant and eventually fatal injuries.

61.     That after C.C.'s head went underwater, he was alive.

62.     That C.C. was discovered at the bottom of the pool and brought to the surface by another camp attendee, not Defendant nor any of Defendants' employees, agents, contractors or other actors.

63.     That Defendants had no AED available, and were unable to perform lifesaving measures on C.C., after he was discovered and brought to the surface by another camp attendee.

64.     That C.C. was not pronounced dead until June 28, 2025.

65.     That as a direct and proximate result of the negligence set forth herein Plaintiffs' decedent, C.C., was caused to endure severe pain, suffering, emotional trauma, distress, pre-fatal injury, fear, apprehension of impending death, both during and after the drowning process.

66.     That as a direct and proximate result of the aforementioned negligence of Defendants, decedent C.C., was caused to incur substantial pain, suffering, mental anguish, loss of enjoyment of life, between the time he went under water and his eventual death.

67.     That as a direct result of the above-referenced negligence, Plaintiffs' decedent C.C. sustained personal injury to his body resulting in death and Plaintiffs has been caused to experience pecuniary losses by reason of the death of their son, funeral expenses, and the reasonable value of his services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support.

68.     That the actions of Defendants on the day of June 25, 2025, as set forth above, exhibited reckless disregard for the rights and safety of others and was otherwise willful and wanton in nature.

WHEREFORE, Plaintiffs pray for judgment against Defendants in an amount that is fair reasonable, and in excess of $75,000.00 to compensate for the significant and substantial damages arising out of the above-described incident, together with damages for the aggravating circumstances attendant to decedent's death, exemplary damages to deter and punish Defendants and others, from like conduct, and for all other further relief the Court deems just and proper, together with the costs of this action.

### Demand for Trial Pursuant to F.R.C.P. 38

COMES NOW Plaintiffs and request a trial by jury on all issues so triable.

**EDELMAN & THOMPSON, L.L.C.**

By:    */s/ James T. Thompson*
James T. Thompson    MO #37245
Brock Mason        MO #74341
4520 Main Street, Suite 500
Kansas City, Missouri 64111
Tel: (816) 561-3400
Fax: (816) 561-1664
jthompson@etkclaw.com
bmason@etkclaw.com

**ATTORNEYS FOR PLAINTIFFS**

15